UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT -5 2015
Clerk, U.S. District and
Bankruptcy Courts

Paul C. Bolin, )
                             )
       Plaintiff, )
                             )   Case: 1:15-cv-01630 Jury Demand
                             )   Assigned To : Unassigned
v.                           )   Assign. Date : 10/5/2015
                             )   Description: Pro Se Gen. Civil (F Deck)
                             )
Governor Edmund G. Brown *et al.*, )
                             )
      Defendants. )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a California state prisoner incarcerated at the state prison in San Quentin, California. He has brought suit under 42 U.S.C. § 1983 against a host of high-level officials, including California Governor Edmund G. Brown, Jr., and his predecessors, former and current California Supreme Court justices, current and former California attorneys general, and three federal judges. *See* Compl. at 2-3.

The complaint is far from clear, and the numerous attachments are equally puzzling. Plaintiff accuses the defendants of committing acts of treason, which alone provides a sufficient basis to dismiss the complaint as so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). *See Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter

1



jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009).

To the extent that plaintiff is challenging judicial rulings, this Court has no authority to review such decisions. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) ("By filing a complaint in this Court against federal judges who have done nothing more than their duty . . . Fleming has instituted a meritless action.") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). To the extent that plaintiff is challenging his state conviction and sentence, such is the province of habeas corpus pursued in the appropriate federal district court in California under 28 U.S.C § 2254. And if plaintiff has already pursued that remedy unsuccessfully, he must seek permission from the Ninth Circuit Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

Moreover, plaintiff has alleged no facts establishing how the named defendants may be held liable in their personal capacities, and an official-capacity lawsuit is "in all respects other than name, to be treated as a suit against the entity [state of California]." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, as to the California defendants, the Eleventh Amendment to the U.S. Constitution immunizes the State from suit in federal court, unless immunity is waived.[1]

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

And the U.S. Supreme Court has made clear that § 1983 does not waive a state's immunity from suit. *See Graham*, 473 U.S. at 169-70 (concluding that "an official-capacity action for damages could not have been maintained against [Kentucky] Commissioner Brandenburgh in federal court.").

Even if the Court were to exercise jurisdiction, the complaint is frivolous and, thus, subject to dismissal under 28 U.S.C. § 1915(e). *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Hence this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: Sept. 30, 2015

United States District Judge